IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00566-NYW-KLM

NATHANAEL EUGENE OWENS,

    Plaintiff,

v.

MISTY ZADE, in her individual and official capacities,
MELISSA ROGERS, in her individual capacity,
BRIANNA GASSNER, in her individual capacity, and
JOHN/JANE DOE, in their individual and official capacities,

    Defendants.

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

    This matter is before the Court on the Appeal to District Court Judge [of] Motion to Serve Defendants ("Objection") filed pro se by Plaintiff Nathanael Owens ("Plaintiff" or "Mr. Owens"), [Doc. 74, filed July 31, 2023].[1]  The Court construes Plaintiff's filing as an Objection to a Minute Order ("Order to Show Cause") issued by the Honorable Kristen L. Mix on July 10, 2023, [Doc. 64], that denied Plaintiff's request, [Doc. 55], that the Court obtain addresses to serve Defendants Brianna Gassner ("Ms. Gassner" or "Defendant Gassner") and Melissa Rogers ("Ms. Rogers" or "Defendant Rogers").  For the reasons that follow, the Court respectfully **OVERRULES** the Objection.

    Plaintiff filed this action on March 7, 2022.  [Doc. 1].  In a Waiver of Service of Summons filed June 15, 2022, the Colorado Department of Corrections ("CDOC" or "DOC") waived service for Defendants Misty Zade ("Ms. Zade" or "Defendant Zade") and Mike Cortese ("Mr. Cortese" or "Defendant Cortese").  *See* [Doc. 21]; *see also* [Doc. 57 at 17 (dismissing Defendant Cortese)].  As relevant here, CDOC declined to waive service for (1) Defendant Gassner, because she was "no longer a DOC employee"; and (2) Defendant Rogers, because she was "not a DOC employee

---

[1] As Plaintiff proceeds pro se, the Court affords his filings a liberal construction.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  That said, it is not this Court's function "to assume the role of advocate for the pro se litigant."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  Plaintiff's pro se status does not exempt him from complying with the procedural and substantive rules that govern all claims.  *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

but provides contract clinical services." [Doc. 21].[2]  However, CDOC provided a last known address for Ms. Gassner, the former employee, which was filed under restriction. [Doc. 23]. The Honorable William J. Martínez directed the United States Marshal Service ("USMS" or "Marshals") to serve Ms. Gassner at that address.[3]  [Doc. 22].  The attempt to serve Ms. Gassner was unsuccessful, with the USMS noting that Ms. Gassner had not lived at the address in question for two years. [Doc. 27].

On April 19, 2023, Plaintiff submitted a letter to the Court in which he indicated that it "ha[d] come to [his] attention" that Defendants Rogers and Gassner had not been served ("Letter"). [Doc. 55 at 1]. Plaintiff moved the Court to contact Defendants Rogers and Gassner through CDOC or through counsel for Ms. Zade and Mr. Cortese. [*Id.*]. The Court referred the Letter to Judge Mix. *See* [Doc. 56].

On July 10, 2023, Judge Mix issued the Order to Show Cause, in which she construed the Letter as a motion "primarily asking the Court to obtain addresses for and to serve" Ms. Gassner and Ms. Rogers. [Doc. 64 at 1]. Judge Mix denied Plaintiff's request, explaining:

> While Fed. R. Civ. P. 4(c) requires that the Court effect service of the summons and operative complaint for plaintiffs proceeding in forma pauperis, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008). It is not the Court's responsibility to obtain addresses of defendants on behalf of a plaintiff, even when that plaintiff is incarcerated. *See id.*

[Doc. 64 at 2]. Judge Mix then ordered Plaintiff to show cause, by August 10, 2023, why she should not recommend dismissal of all claims against Ms. Gassner and Ms. Rogers for failure to serve. *See* [*id.* at 3]; *see also* Fed. R. Civ. P. 4(m).

When a magistrate judge issues an order on a non-dispositive matter such as this, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Under this standard of review, a magistrate judge's finding should not be rejected merely because the district court would have decided the matter differently. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A district court must affirm a magistrate judge's decision unless "on the entire evidence," the district court "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

---

[2] In a recent Order, the Court corrected the spelling of several Defendants' names. *See* [Doc. 57 at 1 n.1]. The Court uses the corrected spellings throughout this Minute Order.

[3] On June 6, 2022, this matter was assigned to Judge Martínez. [Doc. 14]. The case was reassigned to the undersigned on August 5, 2022, upon her appointment as a United States District Judge. [Doc. 31].

In a filing dated July 24, 2023, Plaintiff submitted his Appeal to District Court Judge [of] Motion to Serve Defendants, which the Court construes as Plaintiff's timely Objection to Judge Mix's Order to Show Cause. [Doc. 74]. The Court addresses the Objection without waiting for a response, as Ms. Gassner and Ms. Rogers have not been served.

In his Objection, [*id.* at 1–2], Plaintiff relies solely on Federal Rule of Civil Procedure 4(c)(3), which provides that, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The Rule goes on to state that "[t]he court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915," *id.*, as Plaintiff is here, *see* [Doc. 4 at 2], so Plaintiff's position is that assistance with service is required. He stresses that Rule 4 "does not say that" he must provide addresses, and he suggests that the USMS could obtain the addresses in question by reviewing government records, whereas he is incarcerated without internet access and CDOC "has strict rules concerning prisoners acquiring private information of employees or ex-employees." [Doc. 74 at 2–3 (emphasis omitted)].

Mr. Owens is correct that when a plaintiff is granted leave to proceed in forma pauperis, "[t]he officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3) (the appointment of a United States marshal or other officer to perfect service "must" be made when the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). But as Judge Mix explained in the Order to Show Cause, *see* [Doc. 64 at 2], "[i]t is *the Plaintiff's responsibility* to provide the United States Marshal with the address of the person to be served." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (emphasis added). "[T]he Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address." *Id.*; *see also Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) ("[T]he Marshals service is not responsible for lack of service where a plaintiff does not provide correct information required for service."); *Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008).

In other words, while the USMS will attempt service on behalf of a plaintiff proceeding in forma pauperis at an address provided by the plaintiff, it is not the USMS's responsibility to track down viable addresses for the defendants; that responsibility is the plaintiff's. *See Fields*, 511 F.3d at 1113. Indeed, the USMS did attempt service on Ms. Gassner at the last-known address provided by CDOC, but the summonses were returned unexecuted. [Doc. 27]. Accordingly, the Court finds no error in Judge Mix's statement that it remains Plaintiff's responsibility to provide correct contact information for the USMS to effect service. *See* [Doc. 64 at 2 ("It is not the Court's responsibility to obtain addresses of defendants on behalf of a plaintiff, even when that plaintiff is incarcerated.")]. Plaintiff's objections to the Order to Show Cause are therefore respectfully **OVERRULED**.

Accordingly, **IT IS ORDERED** that:

(1)   Plaintiff's Appeal to District Court Judge [of] Motion to Serve Defendants [Doc. 74] is **OVERRULED**; and

(2)   The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

3

Nathanael Eugene Owens
#176493
Fremont Correctional Facility (FCF)
P.O. Box 999
Canon City, CO 81215-0999

DATED:  August 3, 2023