IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00566-NYW-KAS

NATHANAEL EUGENE OWENS,

     Plaintiff,

v.

MISTY ZADE, Health Services Administrator, Fremont Correctional Facility,
MELISSA ROGERS, Nurse Practitioner/Provider, Fremont Correctional Facility,
BRIANNA GASSNER, Nurse, Fremont Correctional Facility, and
JOHN/JANE DOE, in their individual and official capacities,

     Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the Court's **Order to Show Cause** [#64],[1] issued

on July 10, 2023, addressing the fact that Defendants Melissa Rogers and Brianna

Gassner have not been served with a summons and the operative complaint in this action

and, therefore, are not currently proper parties.

Plaintiff filed this lawsuit on March 7, 2022. *See Compl.* [#1]. The operative Third

Amended Complaint [#12] was filed on May 20, 2022. The Waiver of Service of Summons

[#21] returned by the Colorado Department of Corrections ("CDOC") did not waive and

accept service as to Defendant Gassner because she "is no longer a DOC employee"

and did not waive and accept service as to Defendant Rogers because she "is not a DOC

employee but provides contract clinical services." Based on information provided by

_____

[1] "[#64]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order and Recommendation.

CDOC, the United States Marshals Service attempted to serve Defendant Gassner at her last known address on July 8, 2022. *See* [#26] at 2. However, they were told that she had not lived at that address for two years. *Id.* No forwarding address was provided.

As a result of these circumstances, the Court ordered Plaintiff to show cause why this Court should not recommend that the case against Defendants Rogers and Gassner be dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b). *Order to Show Cause* [#64] at 3. Plaintiff was ordered to file proof of service on Defendants Rogers and Gassner, or respond, in writing, to the Order to Show Cause on or before August 10, 2023. *Id.* Plaintiff was warned that failure to serve Defendants Rogers and Gassner, to respond and show good cause for Plaintiff's failure to properly serve these Defendants, or to provide current addresses to allow the United States Marshal to effect service would result in this Court issuing a recommendation to dismiss Plaintiff's action as to these two Defendants. *Id.*

After the Order to Show Cause [#64] issued, Plaintiff filed an Objection [#74] to the Court's Order [#64] denying Plaintiff's request that the Court obtain addresses to serve Defendants Rogers and Gassner. The District Judge overruled that Objection [#74]. *Minute Order* [#75]. In addition, the Court held a hearing on September 5, 2023, which addressed, in relevant part, the Order to Show Cause [#64] and service on Defendants Rogers and Gassner. *Minutes* [#86]. After the Court's discussion with the parties about the issue, the Court stated that it would issue a Recommendation that Defendants Rogers and Gassner be dismissed under Fed. R. Civ. P. 4(m) and 41(b). *Id.*

## A.    Rule 4(m)

Rule 4(m) provides, in relevant part:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be

made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, Plaintiff's lawsuit was filed March 7, 2022, *see* [#1], initial review was completed June 6, 2022, *see* [#14], and service and waiver were refused by CDOC as to Defendants Rogers and Gassner on June 15, 2022, *see* [#21]. The Court extended the time for Plaintiff to provide addresses one final time via its Order to Show Cause [#64] issued on July 10, 2023, and discussed the issue with Plaintiff at the September 5, 2023 hearing. *Minutes* [#86]. Plaintiff has not demonstrated good cause by showing that an extension of time will likely result in service on these two Defendants. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that pro se litigants must follow the same procedural rules that govern other litigants). "Because the Court is dismissing the case under Rule 4(m) which provides that the court 'must' dismiss the [defendant without prejudice] if good cause is not shown, the *Ehrenhaus* factors [discussed by the Court below] are not relevant." *Sandoval v. McKinley Cnty. Adult Det. Ctr.*, No. 20-cv-00162-KWR-JFR, 2020 WL 5110624, at *3 (D.N.M. Aug. 31, 2020).

Accordingly, the Court **recommends** that Plaintiff's claims against Defendants Rogers and Gassner be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m).

## B.      Rule 41(b)

In addition, or in the alternative, the Court also recommends dismissal pursuant to Rule 41(b), which provides in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subsection (b) . . . operates as an adjudication on the merits." Although Rule 41(b) explicitly permits a defendant to file a motion to dismiss, the Tenth Circuit Court of Appeals has stated that

the rule "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Based on the information currently before the Court, it appears that Plaintiff is unable to adequately pursue his litigation against Defendants Rogers and Gassner. Thus, the Court considers whether Plaintiff's lawsuit should be dismissed as to these two Defendants pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that a district court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to plaintiff's failure to prosecute). As discussed below, the Court finds that it should be.

Typically, the Court is inclined to recommend dismissal without prejudice under circumstances such as these where a plaintiff is unable or unwilling to continue litigating his claims early in the litigation process, because dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding on issue of dismissal with prejudice for determination of willfulness). In some circumstances, however, dismissal without prejudice effectively serves as a dismissal with prejudice due to the statute of limitations. Here, Plaintiff's claims may be barred by the statute of limitations if dismissed. *See Third Am. Compl.* [#12] (discussing events involving Defendants Rogers and Gassner occurring in January to March 2021; *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) (stating that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued).

The Court ultimately recommends dismissal without prejudice, as discussed below, and the Court typically need not examine the *Ehrenhaus* factors where dismissal is without prejudice. *See Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (stating that the *Ehrenhaus* analysis is not necessary where dismissal under Rule 41(b) is without prejudice). However, given that Plaintiff's claims may be barred by the statute of limitations, and given that dismissal of the claims may therefore act, in full or in part, as dismissal with prejudice, the Court nevertheless examines the *Ehrenhaus* factors out of an abundance of caution.

In *Ehrenhaus*, 965 F.2d at 921, the Tenth Circuit Court of Appeals enumerated the factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant[s]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *See also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Regarding the first factor, i.e., the degree of actual prejudice to Defendants, the Court finds that each Defendant has incurred prejudice of varying degree. While this prejudice to Defendants thus far has not been egregious, this lawsuit was filed on March 7, 2022, and this type of extended delay prejudices Defendants' ability to fully litigate this lawsuit, given that lengthy delays of this nature allow "memories to fade and documents to disappear." *Trump v. Vance*, 140 S. Ct. 2412, 2430 (2020). The Court's inability to hold

a Scheduling Conference at this time, and thus the delay in commencement of the discovery period, additionally prejudices Defendants' ability to litigate this case. Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims against Defendants Rogers and Gassner.

Regarding the second factor, i.e., the amount of interference with the judicial process, the Court finds that the effective administration of justice has necessarily been interfered with by giving Plaintiff many opportunities to fully litigate his lawsuit since the inception of this case. Service on Defendants "is a fundamental step necessary for the case to begin." *Sandoval*, 2020 WL 5110624, at *4. Plaintiff's inability to timely litigate his case against Defendants Rogers and Gassner has long delayed the start of discovery in this case, which was filed on March 7, 2022. "The justice system is clogged as new cases arise while old cases are still on the dockets." *United States v. Lutcher*, No. 4:20-cr-00022-DN-DBP, 2020 WL 6434790, at *2 (D. Utah Nov. 2, 2020). Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims against Defendants Rogers and Gassner.

Regarding the third factor, i.e., the culpability of the litigant, there is no indication that any party or non-party other than Plaintiff is responsible for the current state of his lawsuit. Plaintiff was previously informed that, while Fed. R. Civ. P. 4(c) requires that the Court effect service of the summons and operative complaint for plaintiffs proceeding in forma pauperis, Plaintiff must provide sufficient information for the Court to do so. *Order to Show Cause* [#64] at 2 (citing *Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008)). Plaintiff was also previously informed that it is not the Court's responsibility to obtain addresses of defendants on behalf of a plaintiff, even

when that plaintiff is incarcerated. *Id.* Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims against Defendants Rogers and Gassner.

Regarding the fourth factor, i.e., whether the Court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, Plaintiff has been warned that failure to adequately litigate his case could or would result in a recommendation to dismiss Plaintiff's action as to Defendants Rogers and Gassner, including in the Order to Show Cause. *See* [#64] at 3. Although Plaintiff is proceeding pro se, he is required to read and follow the rules and orders of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Thus, there should be no surprise to Plaintiff that his inability to litigate his case could result in dismissal of his claims as to Defendants Rogers and Gassner. Accordingly, the Court finds that this factor does not prevent a recommendation that Plaintiff's claims be dismissed as to these two Defendants.

Regarding the fifth and final factor, i.e., the efficacy of lesser sanctions, the Court concludes that no sanction less than dismissal would be effective. Nothing in the record before the Court suggests that, if given more time, Plaintiff would be able to serve Defendants Rogers and Gassner. Allowing further opportunities is likely to be ineffective based on the current record. Further, a monetary sanction would be ineffective because it would bear no relationship to the issue at the heart of this Recommendation. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result. Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims as to Defendants Rogers and Gassner.

## C.    Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#64] is **MADE ABSOLUTE**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's claims against Defendants Rogers and Gassner be **DISMISSED without prejudice**.

IT IS FURTHER **ORDERED** that any party may file objections Recommendation **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: September 8, 2023                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge