**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-00566-NYW-KAS

NATHANAEL EUGENE OWENS,

    Plaintiff,

v.

MISTY ZADE, in her individual and official capacities,
MELISSA ROGERS, in her individual capacity,
BRIANNA GASSNER, in her individual capacity, and
JOHN/JANE DOE, in their individual and official capacities,

    Defendants.

---

## MINUTE ORDER

---

**Entered by Judge Nina Y. Wang**

    This matter is before the Court on (1) the Objection to Magistrate Judge Kristen L. Mix Order (ECF No. 71) and Appeal to District Court Judge Nina Y. Wang ("First Objection"), [Doc. 78, filed August 9, 2023], filed pro se by Plaintiff Nathanael Owens ("Plaintiff" or "Mr. Owens"); (2) the Order and Recommendation of United States Magistrate Judge Kathryn A. Starnella[1] ("Recommendation"), [Doc. 87, filed September 8, 2023]; and (3) the Objection to Recommendation of Magistrate Judge Starnella (Doc #86) ("Second Objection"), [Doc. 88, filed September 20, 2023], which is directed at both the Recommendation, [Doc. 87], and certain rulings made by Judge Starnella at a Status Conference on September 5, 2023, [Doc. 86].[2]

    ***First Objection.*** The First Objection focuses on Judge Mix's order denying Plaintiff's Motion to Subpoena *Martinez* Report. [Doc. 71; Doc. 60]. On June 26, 2023,

---

[1] This case was reassigned to the Honorable Kathryn A. Starnella upon her appointment. [Doc. 77]. Magistrate Judge Starnella has been referred all pretrial motions. [Doc. 16].

[2] As Plaintiff proceeds pro se, the Court affords his filings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That said, it is not this Court's function "to assume the role of advocate for the pro se litigant." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Plaintiff's pro se status does not exempt him from complying with the procedural and substantive rules that govern all claims. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

Plaintiff filed his Motion to Subpoena *Martinez* Report, [Doc. 60], in which he argued that a *Martinez* report was necessary "to prove the merit of [his] case" and to show "that this problem is ongoing and systemic," [*id.* at 1]. Defendant Misty Zade ("Defendant Zade" or "Ms. Zade") opposed. [Doc. 65]; *see also* [Doc. 71 at 1 (noting that Ms. Zade styled her opposition as a motion to quash)]. The Court referred the motion to Judge Mix. [Doc. 61].

As Judge Mix explained in her order denying the motion, a *Martinez* report facilitates judicial review of whether an incarcerated plaintiff has a meritorious claim. *See* [Doc. 71 at 2 ("The report is intended to provide information for the Court to help it decide preliminary matters such as jurisdiction and defining the issues.")]; *see also Martinez v. Aaron*, 570 F.2d 317, 318–19 (10th Cir. 1978) (per curiam). Judge Mix further noted that a *Martinez* report is ordered "not to provide discovery, but to aid in screening the complaint." [Doc. 71 at 3 (quoting *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016))]. Accordingly, Judge Mix reasoned that Plaintiff's motion was "improper" because it sought a *Martinez* report "as a discovery tool rather than to help the Court clarify his claims during the initial screening of the complaint," as several screenings of the complaint had already occurred. [*Id.*]. However, Judge Mix stressed that, when discovery opened, Plaintiff could serve discovery requests seeking the same information. [*Id.* at 3–4]. Because a *Martinez* report would "no longer serve any functional purpose in this case," and because Plaintiff could "obtain the information which would be included in such a report through ordinary discovery requests," Judge Mix denied Plaintiff's motion. [*Id.* at 4]. Plaintiff's First Objection challenges this decision. No response to the First Objection has been filed.

When a magistrate judge issues an order on a non-dispositive matter such as Plaintiff's Motion to Subpoena *Martinez* Report, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Under this standard of review, a magistrate judge's finding should not be rejected merely because the district court would have decided the matter differently. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A district court must affirm a magistrate judge's decision unless "on the entire evidence," the district court "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

In the First Objection, Plaintiff argues that he sought a *Martinez* report (1) "for determining the merits in an amended complaint"; (2) "to determine if this complaint and [the] claims therein should be converted into a class action . . . in the int[e]rest of justice"; and (3) because "wait[ing] until the civil action proceeds to discovery" would result in Plaintiff abandoning "his right to file an amended complaint." [Doc. 78 at 1–2]. But Plaintiff's original motion contained no mention of amended complaints[3] or class actions,

---

[3] The Court notes that Plaintiff alludes to a "time restraint to file an amended complaint" in his reply in support of the motion seeking a *Martinez* report. [Doc. 73 at 2]. However, Plaintiff does not explain what he means by this and, in any case, this filing was docketed

2

[Doc. 60], and, more importantly, the First Objection does not address the reason that Judge Mix denied Plaintiff's request—that a *Martinez* report is improper at this stage of the proceedings. Plaintiff provides no authority whatsoever to rebut Judge Mix's determination that *Martinez* reports are for screening complaints, and the operative complaint here has already been screened. *See generally* [Doc. 78]. Plaintiff's observation that Judge Mix viewed his motion as a discovery request confirms, rather than undermines, her reasoning in rejecting it. *See* [*id.* at 1]. And Plaintiff fails to address Judge Mix's point that he may seek the same information in proper discovery requests.[4] Plaintiff has not shown that Judge Mix's well-reasoned analysis is clearly erroneous or contrary to law. The First Objection is respectfully **OVERRULED**.

***Recommendation and Second Objection.*** The Recommendation concerns Defendants Melissa Rogers ("Defendant Rogers" or "Ms. Rogers") and Brianna Gassner ("Defendant Gassner" or "Ms. Gassner"). As this Court has previously discussed, the Colorado Department of Corrections ("CDOC" or "DOC") declined to waive service for (1) Defendant Gassner, because she was "no longer a DOC employee"; and (2) Defendant Rogers, because she was "not a DOC employee but provides contract clinical services." [Doc. 21]. CDOC supplied the last known address for Ms. Gassner, the former employee, [Doc. 23], and the Honorable William J. Martínez directed the United States Marshal Service ("USMS" or "Marshals") to attempt service.[5] [Doc. 22]. The attempt to serve Ms. Gassner was unsuccessful. [Doc. 27].

On April 19, 2023, Plaintiff filed a letter stating that it "ha[d] come to [his] attention" that Defendants Rogers and Gassner had not been served ("Letter"). [Doc. 55 at 1]. Plaintiff moved the Court to contact Defendants Rogers and Gassner through CDOC or through counsel for other Defendants. [*Id.*]. Judge Mix issued an order to show cause (the "Order to Show Cause"), in which she construed the Letter as a motion "primarily asking the Court to obtain addresses for and to serve" Ms. Gassner and Ms. Rogers. [Doc. 64 at 1]. Judge Mix denied Plaintiff's request, explaining that, under Rule 4, "[i]t is

---

after Judge Mix denied the underlying motion. *See* D.C.COLO.LCivR 7.1(d) (permitting judicial officers to "rul[e] on a motion at any time after it is filed"); *see also White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017) (arguments raised for the first time in a reply brief are deemed waived).

[4] Without authority, Plaintiff takes the position that he would be "abandon[ing] his right" to amend his complaint if this matter proceeds to discovery. [Doc. 78 at 2]. Plaintiff is incorrect. The time for amendment as of right under Rule 15 has long since lapsed. *See* Fed. R. Civ. P. 15(a)(1) (permitting amendment as of right within 21 days of service of the operative pleading or the opponent's responsive pleading or motion). However, Rule 15 permits amendment at all other times "with the opposing party's written consent or the court's leave," specifying that leave of court should be given freely as justice requires. Fed. R. Civ. P. 15(a)(2).

[5] On June 6, 2022, this matter was assigned to Judge Martínez. [Doc. 14]. The case was reassigned to the undersigned on August 5, 2022, upon her appointment as a United States District Judge. [Doc. 31].

3

not the Court's responsibility to obtain addresses of defendants on behalf of a plaintiff, even when that plaintiff is incarcerated." [Doc. 64 at 2]. Judge Mix ordered Plaintiff to show cause, by August 10, 2023, why she should not recommend dismissal of all claims against Ms. Gassner and Ms. Rogers for failure to serve. See [*id.* at 3]. This Court overruled Plaintiff's objections to the Order to Show Cause on August 3, 2023. [Doc. 74; Doc. 75]. The Court disposed of Plaintiff's objections as follows:

> In his Objection . . . Plaintiff relies solely on Federal Rule of Civil Procedure 4(c)(3), which provides that, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The Rule goes on to state that "[t]he court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915," *id.*, as Plaintiff is here, see [Doc. 4 at 2], so Plaintiff's position is that assistance with service is required. He stresses that Rule 4 "does not say that" he must provide addresses, and he suggests that the USMS could obtain the addresses in question by reviewing government records, whereas he is incarcerated without internet access and CDOC "has strict rules concerning prisoners acquiring private information of employees or ex-employees." [Doc. 74 at 2–3 (emphasis omitted)].
>
> Mr. Owens is correct that when a plaintiff is granted leave to proceed in forma pauperis, "[t]he officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3) (the appointment of a United States marshal or other officer to perfect service "must" be made when the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). But as Judge Mix explained in the Order to Show Cause, *see* [Doc. 64 at 2], "[i]t is *the Plaintiff's responsibility* to provide the United States Marshal with the address of the person to be served." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (emphasis added). "[T]he Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address." *Id.*; *see also Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) ("[T]he Marshals service is not responsible for lack of service where a plaintiff does not provide correct information required for service."); *Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008).
>
> In other words, while the USMS will attempt service on behalf of a plaintiff proceeding in forma pauperis at an address provided by the plaintiff, it is not the USMS's responsibility to track down viable addresses for the defendants; that responsibility is the plaintiff's. *See Fields*, 511 F.3d at 1113. Indeed, the USMS did attempt service on Ms. Gassner at the last-known address provided by CDOC, but the summonses were returned unexecuted. [Doc. 27]. Accordingly, the Court finds no error in Judge Mix's statement that it remains Plaintiff's responsibility to provide correct contact information for the USMS to effect service.

4

[Doc. 75 at 3].

The Court overruled Plaintiff's objection, [*id.*], Plaintiff filed no direct response to the Order to Show Cause, and the Recommendation—issued by Judge Starnella, who was assigned this case upon Judge Mix's retirement—followed.  Judge Starnella recommends dismissal without prejudice of all claims against Defendants Rogers and Gassner based on Plaintiff's failure to effectuate service.  [Doc. 87 at 3–4].  To the extent the dismissal could operate as a dismissal with prejudice due to the potential expiration of applicable statutes of limitations, Judge Starnella thoroughly reviewed the *Ehrenhaus* factors and found that they supported the dismissal.  [*Id.* at 4–7]; *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to.  An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Plaintiff's Second Objection is largely directed at Judge Starnella's Recommendation.  In it, Plaintiff maintains his position that Rule 4(c)(3) is "very clear" and requires the Court's intervention for purposes of service.  [Doc. 88 at 1–2].  Plaintiff also suggests that, in response to the Order to Show Cause, he sought certain information to effectuate service on Defendants Rogers and Gassner.  [*Id.* at 2–3].  However, from the Court's review of the docket, it appears that Plaintiff made no formal response to the Order to Show Cause.  And the subpoena request filed by Plaintiff a week after the Order to Show Cause issued, to the extent it could be viewed as responsive, does not request any information that would facilitate service on Defendants Rogers and Gassner; the closest it gets is seeking communications involving Defendant Rogers that concern Plaintiff and his healthcare.  *See* [Doc. 67 at 1–2].  Perhaps recognizing this fact, the Second Objection states that "Plaintiff would also ask to subpoena the address of Defendant Rogers."  [Doc. 88 at 3].  But an objection to a recommendation is not a vehicle for seeking separate relief in this Court.  *See* NYW Civ. Practice Standard 7.1(a)(5) ("All requests for the Court to take distinct actions must be contained in separate, written motions.").  No response to the Second Objection has been filed.

It is well-settled that issues raised for the first time in objections to a magistrate judge's recommendation are deemed waived.  *See Standing Akimbo, LLC v. United States through Internal Revenue Serv.*, 955 F.3d 1146, 1159 (10th Cir. 2020) (citing *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011)).  By failing to respond to the Order to Show Cause, the Court concludes that Plaintiff has largely waived review of the resulting Recommendation.  To the extent Plaintiff has preserved any challenge to the Recommendation by filing the Second Objection, this Court has already rejected Plaintiff's arguments concerning Rule 4(c)(3), as discussed above.  *See* [Doc. 75 at 3].  The Court has thoroughly reviewed Judge Starnella's analysis and finds that it is well taken.  To the extent the Second Objection challenges the Recommendation, it is respectfully **OVERRULED**, and the Recommendation is

5

**ADOPTED**.  All claims against Defendants Rogers and Gassner are **DISMISSED without prejudice**.

***Remaining Issues in the Second Objection.***  The Second Objection also appears to challenge, albeit in cursory fashion, several evidentiary rulings by Judge Starnella.  On July 17, 2023, Plaintiff filed his Motion: Subpoena Duces Tecum for Documents and Time Extention [sic].  [Doc. 67].  This motion sought various forms of party and non-party discovery.  *See* [*id.* at 1–2].  The Court referred the motion's discovery requests to Judge Starnella.  [Doc. 69].  On September 5, 2023, Judge Starnella ruled on the motion at a status conference, as reflected in the Courtroom Minutes:

> The motion is granted to the extent that Defendant Misty Zade (in her official capacity) shall produce the plaintiff's medical records in DOC's custody from October 2020 to present.  The motion is granted as to Plaintiff's request for all reports by the duty officer and/or shift commander Capt. Sherwood concerning the shakedown of the plaintiff's cell, strip search and urine test conducted on March 5, 2021.  The motion is further granted as to Plaintiff's request for all reports by Sgt. Merlo, Sgt. Castanos and Officer Terral who carried out the orders regarding the shakedown of the plaintiff's cell, strip search and urine test conducted on March 5, 2021.  All responsive documents to these requests shall be produced no later than October 5, 2023.
>
> The motion is denied as to Plaintiff's request for all communications between Defendants Rogers and Zade about the plaintiff, Plaintiff's request for all communications between Defendant Zade and her direct supervisor at [Correctional Health Partners], Plaintiff's request for communications between Defendant Zade and Defendant Rogers with the insurance company about the Plaintiff's healthcare/treatment, Plaintiff's request for [Correctional Health Partners's] policies and/or procedures for training medical staff when it comes to emergencies, treatment and/or care of Colorado inmates, and Plaintiff's request for a second legal box.

[Doc. 86 at 1–2].

In the Second Objection, Plaintiff states that he "objects to denial of documents" by Judge Starnella, specifically mentioning his requests for "communication between Rogers and Zade, between Zade and/or Rogers and the insurance company, between Zade and her direct supervisor at [Correctional Health Partners] and [Correctional Health Partners's] policies and procedures for training medical staff when it comes to treatment of inmate[s]."  [Doc. 88 at 1].  However, the bulk of the Second Objection concerns Plaintiff's Rule 4(c)(3) arguments, and the only section that could arguably be associated with Plaintiff's objection to Judge Starnella's discovery rulings argues merely that Plaintiff needed "all the information requested" to satisfy the Order to Show Cause.  [*Id.* at 3 (emphasis in original)].  To the extent that argument is meant to advance Plaintiff's objection to the denial of certain discovery requests by Judge Starnella, however, the Court notes that the discovery requests referenced in the underlying motion are unrelated

to serving Defendants Rogers and Gassner.  *See* [Doc. 67 at 1–2].  Even if they were connected, Plaintiff did not argue in his motion that the discovery requests had anything to do with serving Defendants Roger and Gassner, or with satisfying Judge Starnella's Order to Show Cause.  *See* [*id.* at 2 (indicating that Plaintiff sought the documents "to determine the naming or names of Defendants John Doe and Jane Doe, to show a nexus between the staff behavior and company and to prove the merits in the case concerning these Defendants")]; *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived.").  Plaintiff fails to show that Judge Starnella's discovery rulings are clearly erroneous.  *See generally* [Doc. 88].  The Second Objection is respectfully **OVERRULED**.

Accordingly, **IT IS ORDERED** that:

(1)     The Objection to Magistrate Judge Kristen L. Mix Order (ECF No. 71) and Appeal to District Court Judge Nina Y. Wang [Doc. 78] is **OVERRULED**;

(2)     The Objection to Recommendation of Magistrate Judge Starnella (Doc #86) [Doc. 88] is **OVERRULED**;

(3)     The Order and Recommendation of United States Magistrate Judge Kathryn A. Starnella [Doc. 87] is **ADOPTED**;

(4)     All claims against Defendants Melissa Rogers and Brianna Gassner are **DISMISSED without prejudice**; and

(5)     The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

Nathanael Eugene Owens
#176493
Fremont Correctional Facility (FCF)
P.O. Box 999
Canon City, CO 81215-0999

DATED:  January 22, 2024

7