IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00566-NYW-KAS

NATHANAEL EUGENE OWENS,

    Plaintiff,

v.

MISTY ZADE, Health Services Administrator, Fremont Correctional Facility,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion to Compel Defendants to Produce Documents** [#115][1] (the "Motion"). Defendant filed a Response [#119] in opposition to the Motion [#115], and Plaintiff filed a Reply [#122].

Plaintiff proceeds as an incarcerated pro se litigant. His sole remaining claim against Defendant is based on her alleged retaliation against Plaintiff based on his seeking medical treatment on March 5, 2021. *See Order* [#57] at 6, 12; *see also id.* at 18 (dismissing the other claim asserted against Defendant). In the present Motion [#115], Plaintiff asks the Court to order Defendant to produce:

> [T]he protocols, procedures, posted operational rules, administrative regulation (AR's, IR's) etc., of the Department of Corrections, Correctional Health Partners, the Colorado Department of Health or the World Health Organization by which the Defendants [sic] conducted the covid protocol on March 5th 2021. This would include memos, emails or any other document, electronic or otherwise, that were used as guidelines to provide medical

---

[1] "[#115]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

> treatment to prisoners, and the interaction between staff and prisoners, staff and staff, and prisoner to prisoner.

*Motion* [#115] at 1. In her Response [#119], Defendant asks the Court to deny Plaintiff's request on three separate bases, which the Court addresses in turn.[2]

**A.     Conferral Over Discovery Dispute**

First, Defendant argues that Plaintiff failed to confer with Defendant regarding the discovery responses. *Response* [#119] at 6-7. In his Reply [#122], Plaintiff asserts that he "did confer with the undersigned counsel regarding this issue during the Deposition held on video at Fremont Correctional Facility on Nov. 25, 2024. The counsel for the Defendant told the Plaintiff that she would look into the document[s] and get them sent to the Plaintiff." *See* [#122] at 2-3.

Although the depth of conferral in which the parties have engaged is unclear, the Court finds for purposes of resolving this issue that Plaintiff attempted to confer with Defendant about this discovery dispute. Moreover, no conferral need occur in connection with "a motion filed in a case involving an unrepresented prisoner," which Plaintiff is. D.C.COLO.LCivR. 7.1(b)(1); *see also* D.C.COLO.MJ, § VI (noting that the Magistrate Judge discovery dispute procedures, including the conferral requirement, "**do not** apply to *pro se* litigants who are incarcerated.") (emphasis in original). The Court therefore finds that the Motion [#115] should not be denied on this basis.

---

[2] In addition to Defendant's arguments, the Court notes that Plaintiff's Motion [#115] is untimely. The discovery cut-off was November 29, 2024. *See Courtroom Minutes* [#107] at 1. The Motion [#115] was filed over a month later, on January 2, 2025, only a few days before the January 6, 2025 dispositive motions deadline, *see id.*, despite Plaintiff's receipt of Defendant's responses to the at-issue written discovery requests soon after they were served on October 24, 2024. *See* [#119-2] at 9.

2

**B.      Copies of Discovery Requests and Responses**

Second, Defendant argues that the Motion [#115] should be denied because Plaintiff did not include copies of his discovery requests or of Defendant's responses thereto. *Response* [#119] at 8. *See, e.g.*, *Campbell v. Pohlman*, No. 09-cv-01041-CMA-KLM, 2011 WL 197839, at *1 (D. Colo. Jan. 19, 2011) (denying a pro se prisoner's motion to compel discovery for failure to comply with D.C.COLO.LCivR 37.1 by providing copies of the at-issue discovery requests and objections/responses).

Defendant is correct that Plaintiff is required to do so. *See* D.C.COLO.LCivR 37.1 ("A motion under Fed. R. Civ. P. 26 or 37 directed to an interrogatory, request, or response under Fed. R. Civ. P. 33, 34, or 36 shall set forth either in the text of the motion or in an exhibit to the motion the specific interrogatory, request, or response to which the motion is directed."). However, because the Court is now in possession of the requests and responses, as provided by Defendant, the Court is able to rule on substantive issues underlying the Motion [#115]. *See Def.'s Ex. A* [#119-1] (Plaintiff's September 19, 2024 discovery requests); *Def.'s Ex. B* [#119-2] (Defendant's October 24, 2024 responses); *see also Reply* [#122] at 1-2 (quoting the language of the discovery requests at issue). The Court therefore finds that the Motion [#115] should not be denied on this basis.

**C.      Document Production**

Finally, and substantively, Plaintiff asks the Court to compel further document production in connection with three Requests for Production ("RFP"). *Motion* [#115] at 1; *Reply* [#122] at 1-2. Defendant objected to but nevertheless responded to these RFPs. *See* [#119-2] at 3-5. Here, Defendant argues that she has already produced all documents to which Plaintiff is entitled. *Response* [#119] at 3.

3

Plaintiff's RFP #1 asks for: "All covid procedures that were in place in March of 2021 for Fremont Correctional Facility. Including AR's I.R. and P.O.R.'s [etc] . . ." *See* [#119-1] at 4. Defendant objected and responded:

> OBJECTION: Defendant Zade objects to this Request because it is overly broad and unduly burdensome, requests information that is not relevant to the claims or defenses in this case, and is not proportional to the needs of the case. The only remaining claim in this case is Plaintiff's allegation that Defendant Zade retaliated against him by ordering a cell search, strip search, and urine test on March 5, 2021. Consequently, Defendant Zade will search for documents related to that specific incident.
>
> RESPONSE: Without waiver of and subject to the objections made above, Defendant Zade produces documents regarding COVID procedures from Fremont Correctional Facility as CDOC/Owens 758, 798-843.

*See* [#119-2] at 4.

Plaintiff's RFP #2 asks for: "All covid policies, procedures and post orders set for Correctional Health Partner in March 2021." *See* [#119-1] at 4. Defendant objected and responded:

> OBJECTION: Defendant Zade objects to this Request because it is overly broad and unduly burdensome, requests information that is not relevant to the claims or defenses in this case, and is not proportional to the needs of the case. The only remaining claim in this case is Plaintiff's allegation that Defendant Zade retaliated against him by ordering a cell search, strip search, and urine test on March 5, 2021. Consequently, Defendant Zade will search for documents related to that specific incident.
>
> RESPONSE: Without waiver of and subject to the objections made above, Defendant Zade has conducted a search for responsive documents and has not identified any COVID policies, procedures, and/or post orders set for Correctional Health Partners in March of 2021.

*See* [#119-2] at 4.

Plaintiff's RFP #4 asks Defendant to: "Produce any and all policies, procedures or written orders concerning interactions between Medical Staff and inmate also between officer of the prison and inmates in place for the Level 3 lockdown (covid lockdown) for

4

Correctional Health Partners and Colorado Department of Corrections." *See* [#119-1] at 4. Defendant objected and responded:

> OBJECTION: Defendant Zade objects to this Request because it is overly broad and unduly burdensome, requests information that is not relevant to the claims or defenses in this case, and is not proportional to the needs of the case. The only remaining claim in this case is Plaintiff's allegation that Defendant Zade retaliated against him by ordering a cell search, strip search, and urine test on March 5, 2021. Consequently, Defendant Zade will search for documents related to that specific incident.
>
> RESPONSE: Without waiver of and subject to the objections made above, Defendant Zade has conducted a search for responsive documents and has not identified any such policies, procedures, or written orders.

*See* [#119-2] at 5.

As noted above, based on these three RFPs, Plaintiff asks in the present Motion [#115] for the Court to order Defendant to produce:

> [T]he protocols, procedures, posted operational rules, administrative regulation (AR's, IR's) etc., of the Department of Corrections, Correctional Health Partners, the Colorado Department of Health or the World Health Organization by which the Defendants [sic] conducted the covid protocol on March 5th 2021. This would include memos, emails or any other document, electronic or otherwise, that were used as guidelines to provide medical treatment to prisoners, and the interaction between staff and prisoners, staff and staff, and prisoner to prisoner.

*Motion* [#115] at 1. Plaintiff states that these documents are necessary to prove that "the symptoms that the Plaintiff was complaining of and asking the Defendants [sic] for medical care was caused by covid and not caused by drug use as the Defendants [sic] claimed" and that "the Defendants crossed the lines of protocol in order to retaliate on the Plaintiff to make the Plaintiff cease in asking for medical care." *Motion* [#115] at 1-2. Plaintiff asserts that the documents will "show that the Defendant had to accuse the Plaintiff of using illegal drugs in order to carry out their retaliation." *Id.* at 2. He states that Defendant is "claiming that there are no covid protocol documents from any of the above

5

government agencies that was in place on or before March 5, 2021[,] by which the Defendants [sic] operated to treat and care for prisoners at Fremont Correctional Facility or any facility that is a part of the Colorado Department of Corrections." *Id.*

The Court first notes that Plaintiff's last assertion here appears to be patently incorrect. In response to RFP #1, Defendant produced forty-seven pages of documents regarding COVID procedures from Fremont Correctional Facility. *See* [#119-2] at 4. Plaintiff does not refer to these documents in his briefs, and he therefore has not offered any explanation as to why he believes that Defendant's production was insufficient. In other words, he has not explained what additional documents he believes Defendant should have which are responsive to RFP #1 and which have not been produced. Therefore, the Court **denies** the Motion [#115] to the extent Plaintiff asks the Court to compel Defendant to produce additional documents in connection with RFP #1.

Defendant asserts that she has found no responsive documents to either RFP #2 or RFP #4. *See* [#119-2] at 4-5. "[T]he Court obviously cannot compel a party to produce documents that do not exist[.]" *Bonilla v. Gerlach*, No. CIV-23-1060-R, 2024 WL 4497114, at *4 (W.D. Okla. Oct. 15, 2024). Further, the defendant "cannot be compelled to produce documents not in its possession[.]"[3] *C&J Equip. Mfg. Corp. v. Grady*, No. 23-99 MV/SCY, 2023 WL 8650369, at *5 (D.N.M. Dec. 14, 2023). Defendant has also objected to these RFPs as overly broad, unduly burdensome, requesting information that is not relevant to the claims or defenses in this case, and not proportional to the needs of the case. *See* [#119-2] at 4-5. However, these objections are irrelevant here, because, despite the

---

[3] There are limited exceptions to this rule which are not at issue here, such as a litigant and his own medical records. *See, e.g., Schnittker v. Trucks for You, Inc.*, No. 23-2282-TC-RES, 2024 WL 4227248, at *7 n.9 (D. Kan. Sept. 18, 2024).

objections, Defendant has searched for responsive documents and found none. In other words, this is not a situation where Defendant is withholding documents based on these objections; it is a situation where they do not exist or are not in Defendant's possession. Beyond his bare belief that these documents exist and are in Defendant's possession, Plaintiff has provided no information to indicate to the Court that Defendant's responses to these RFPs are incorrect or untruthful. Therefore, the Court **denies** the Motion [#115] to the extent Plaintiff asks the Court to compel Defendant to produce documents in connection with RFP #2 and RFP #4.

**D.    Conclusion**

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#115] is **DENIED**.

Dated: April 30, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

7