IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-00566-NYW-KAS

NATHANAEL EUGENE OWENS,

    Plaintiff,

v.

MISTY ZADE, in her individual and official capacities,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATIONS

This matter is before the Court on two Recommendations of United States Magistrate Judge issued by the Honorable Kathryn A. Starnella on April 30, 2025 and August 14, 2025. [Doc. 124; Doc. 142]. In her April 30 Recommendation, Judge Starnella recommends that the Court deny Plaintiff's Motion to Reinstate Defendant Rogers Under Rule 54(b) and Rule 60(b)(1) of Fed. R. Civ. P. (the "Motion to Reinstate"), [Doc. 112]. *See* [Doc. 124 at 6]. In her August 14 Recommendation, Judge Starnella recommends that the Court grant Defendant Zade's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (the "Motion for Summary Judgment"), [Doc. 117]. *See* [Doc. 142 at 2]. For the reasons set forth herein, the Recommendations are respectfully **ADOPTED**.

## LEGAL STANDARDS

**I.    Rule 72**

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.

Case No. 1:22-cv-00566-NYW-KAS   Document 146   filed 09/26/25   USDC Colorado
pg 2 of 12

R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

## II.   Rule 56

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (cleaned up).

At summary judgment, a movant that does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant must only point the Court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once this movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At all times, the Court views the record in the "light most favorable to the nonmoving party." *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019).

### III.  Pro Se Filings

Because Plaintiff proceeds pro se, his filings are entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as a pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to pro se parties as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

### BACKGROUND

Judge Starnella sets forth the relevant factual and procedural background of this case in her Recommendations, *see* [Doc. 124 at 2–3; Doc. 142 at 2–4], and the Court adopts Judge Starnella's recitations of the facts and incorporates those statements into this Order.  Plaintiff Nathanael Eugene Owens ("Plaintiff" or "Mr. Owens") is currently incarcerated within the Colorado Department of Corrections.  *See* [Doc. 12 at 2].  In 2022, he filed this lawsuit alleging that he received constitutionally inadequate medical care while in custody.  [*Id.* at ¶¶ 1–26, 34–41].  He also alleges that he was retaliated against by prison officials for seeking medical treatment.  [*Id.* at ¶¶ 27–33].  After a ruling on a motion to dismiss, [Doc. 57], an order dismissing unserved defendants, [Doc. 92], and an order dismissing unnamed "John/Jane Doe" defendants, [Doc. 105], only Plaintiff's First Amendment retaliation claim against Defendant Misty Zade ("Defendant" or "Ms. Zade") in her individual and official capacities remains.  Relevant here, the retaliation claim is based on allegations that, on March 5, 2021, Plaintiff was subjected to a cell search, a strip search, and a urinalysis in retaliation for his protected activity.  [Doc. 12 at ¶¶ 27–30].

On November 19, 2024, Plaintiff filed the Motion to Reinstate, wherein he asks the Court to reinstate his claims against former defendant Melissa Rogers, who had been dismissed as a party based on Plaintiff's failure to timely serve her.  [Doc. 112]; *see also* [Doc. 92].  Judge Starnella recommends that the Motion to Reinstate be denied, finding that Plaintiff has presented no legitimate basis for the Court to reconsider its order dismissing Ms. Rogers from the case.  [Doc. 124 at 3–6].

Defendant filed her Motion for Summary Judgment on January 6, 2025.  [Doc. 117].  She argues that she is entitled to summary judgment on Plaintiff's First Amendment retaliation claim because the "undisputed facts do not demonstrate a violation of clearly established law under the First Amendment or [her] personal involvement in any alleged constitutional violation."  [*Id.* at 2].  Judge Starnella recommends that the Motion for Summary Judgment be granted.  [Doc. 142].  Mr. Owens has objected to Judge Starnella's Recommendation on the Motion for Summary Judgment, [Doc. 144], and Ms. Zade has responded to Plaintiff's Objection, [Doc. 145].

## ANALYSIS

### I.     The Motion to Reinstate

In her April 30 Recommendation, Judge Starnella recommends that the Motion to Reinstate be denied.  [Doc. 124 at 6].  She notes that Mr. Owens's arguments have already been rejected by the Court on numerous occasions and finds that there is no convincing reason for the Court to reconsider its dismissal of Ms. Rogers.  [*Id.* at 5–6].

This Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the Parties.  [*Id*. at 6]; *see also* 28 U.S.C. § 636(b)(1).  The Recommendation was served on May 2, 2025.  *See* [Doc. 126].  No

4

Party has objected to the Recommendation and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the April 30 Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the April 30 Recommendation is thorough, well-reasoned, and a correct application of the facts and the law. Accordingly, the April 30 Recommendation is **ADOPTED** and the Motion to Reinstate is respectfully **DENIED**.

## II.     The Motion for Summary Judgment

### A.     The Recommendation

Judge Starnella recommends that the Motion for Summary Judgment be granted. [Doc. 142 at 2]. First, and notably, Judge Starnella finds that Plaintiff failed to properly address Ms. Zade's assertions of undisputed material facts, so she accepts as undisputed all assertions that are supported by record evidence and uncontradicted by Plaintiff's submitted evidence. [*Id.* at 2 n.4]. Then, Judge Starnella observes that Defendant has submitted evidence that she was not working on March 5, 2021, when the alleged retaliatory events occurred. [*Id.* at 3–4]; *see also* [Doc. 117-4 at ¶¶ 6–7; Doc. 117-5 at 1].

---

[1] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

5

As for the claim against Ms. Zade in her individual capacity, Judge Starnella finds that qualified immunity shields Ms. Zade from liability because "there is no evidence that Defendant implemented a policy or otherwise personally participated in the decision to subject Plaintiff to the various searches on March 5, 2021." [Doc. 142 at 7–10]. Although Judge Starnella recognizes Plaintiff's assertion in his Surreply[2] that Ms. Zade must have planned the searches "sometime between" March 2 and March 5, *see* [Doc. 136 at 3], she emphasizes that Plaintiff has not submitted any evidence of any such supposed plan, *see* [Doc. 142 at 9]. She finds that "Plaintiff's mere supposition that it must have been Defendant" who planned or ordered the searches "is insufficient" to defeat summary judgment. [*Id.*]. She then concludes that because there is no evidence of Ms. Zade's personal involvement in the March 5 searches, Plaintiff has not met his burden to demonstrate a genuine dispute of fact as to Defendant's personal participation in the challenged conduct and cannot meet his burden at summary judgment with respect to the second and third elements of a retaliation claim. [*Id.* at 9–10]. Therefore, she recommends that the Motion for Summary Judgment be granted with respect to the individual capacity claim. [*Id.* at 10].

As for the official capacity claim, Judge Starnella concludes that Plaintiff has not met his burden to demonstrate a dispute of fact about whether Defendant's or any other staff member's alleged retaliatory motive was the "but for" cause of the March 5 searches.

---

[2] On June 27, 2025, Plaintiff filed a purported Surreply to the Motion for Summary Judgment. [Doc. 136]. "[T]he Federal Rules of Civil Procedure do not contemplate the filing of a sur-reply as a matter of right." *Crist v. Denv. Post DP Media Network LLC*, No. 23-cv-01551-NRN, 2023 WL 8831331, at *1 (D. Colo. Dec. 21, 2023). The Court typically strikes surreplies from the docket when the filing party has not sought and obtained leave of Court to file a surreply. However, because Judge Starnella references the Surreply in her August 14 Recommendation, the Court declines to strike the Surreply.

[*Id.* at 11]; *see also Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (to succeed on a retaliation claim, "a plaintiff must prove that 'but for' the retaliatory motive, the [adverse action] would not have taken place" (quotation omitted)).  Judge Starnella again finds that Plaintiff's speculative belief that the searches were retaliatory is insufficient to defeat summary judgment.  [Doc. 142 at 11–12].  Accordingly, Judge Starnella recommends that the Motion for Summary Judgment be granted as to the official capacity claim, as well.  [*Id.* at 12].

### B. Plaintiff's Objections

First, Plaintiff argues that the Recommendation "erroneously accepts Defendant Zade's self-serving excuse that she 'was not working' on March 5, 2021, based solely on a timesheet—without any sworn affidavit or testimonial support."  [Doc. 144 at 3–4].  He argues that this evidence "is insufficient to rebut the Plaintiff's well-supported allegations and material facts."  [*Id.* at 4].  He insists that Ms. Zade was working "between March 2nd and March 5th, 2021" and that "she alone had the authority to override the Level 3, COVID-19 lockdown and social distancing protocols to authorize the searches."  [*Id.*].

To the extent Plaintiff is arguing that Judge Starnella erred in accepting this assertion as undisputed, the Court is respectfully unpersuaded.  Ms. Zade asserted in her statement of undisputed material facts that she was not working on March 5, 2021 and submitted evidence in support of this statement.  *See* [Doc. 117 at ¶ 7; Doc. 117-4 at ¶¶ 6–7; Doc. 117-5 at 1].  In his Response to the Motion for Summary Judgment, Mr. Owens did not dispute this assertion or argue that the evidence in support was insufficient.  *See* [Doc. 130 at 2–5].  This alone is a sufficient basis for the Court to deem this fact undisputed.  *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (holding that

7

"[b]y failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion"); NYW Civ. Practice Standard 7.1D(b)(4) ("Any party opposing the motion for summary judgment shall . . . admit or deny the movant's asserted material facts."); Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."). But moreover, Plaintiff also appears to concede in his Response to the Motion for Summary Judgment that Ms. Zade was not working on March 5 because he states that "Zade's absence on March 5, 2021 is immaterial. The planning, approval, or instigation of retaliatory conduct does not require physical presence." [Doc. 130 at ¶ 13].

In other words, Plaintiff's contention that there is inadequate evidence to accept Ms. Zade's assertion as an undisputed material fact raises an argument that was not presented to Judge Starnella in the first instance. Under this Court's Civil Practice Standards, if a party wishes to make an argument that was not presented to a magistrate judge, the party "must expressly identify those arguments . . . and explain why such omitted arguments . . . should be considered, in the first instance, upon Objection." *See* NYW Civ. Practice Standard 72.3(b). Plaintiff does not do so. *See* [Doc. 144]. Moreover, this Court agrees with Judge Starnella that Plaintiff has not pointed the Court to any competent evidence that Ms. Zade was on duty on March 5, 2021, so as to create a genuine dispute of fact on this issue. Although Plaintiff speculates that Ms. Zade must have launched the retaliatory plan at some point between March 2 and March 5, it is well-settled that "[u]nsupported conclusory allegations . . . do not create a genuine issue of

8

fact," *L&M Enters., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000), and "mere speculation is insufficient to thwart summary judgment," *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic*, 582 F.3d 1155, 1171 (10th Cir. 2009).  Plaintiff has not demonstrated any error in Judge Starnella's Recommendation.

Mr. Owens next argues that Ms. Zade's "claim that she cannot be responsible because she was not physically present [on March 5, 2021] is legally and factually bankrupt" because Defendant's "supervisory position is more than adequate to support [a] jury inference of retaliation."  [Doc. 144 at 4].  He goes on to discuss case law concerning supervisory liability. [*Id.* at 4–5].  However, Mr. Owens does not actually argue that Judge Starnella erred in her analysis and conclusion that supervisory status alone—without any affirmative link between the constitutional deprivation and the supervisor's conduct, exercise of control or discretion, or failure to supervise—is insufficient to create supervisory liability.  *See* [*id.*]; *see also* [Doc. 142 at 8].  A generalized suggestion that a magistrate judge's recommendation is incorrect, without specifically identifying any particular error, is not a sufficient objection under Rule 72.  *See Kazarinoff v. Wilson*, No. 22-cv-02385-PAB-SKC, 2024 WL 98385, at *2 (D. Colo. Jan. 9, 2024) ("Objections disputing the correctness of the [magistrate judge's] recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008)).  Because Plaintiff does not direct the Court to any particular finding or ruling that he believes was erroneous, he has not provided any reason to reject Judge Starnella's Recommendation.

Finally, Mr. Owens argues that qualified immunity does not apply in this case because "[a]t the time of the incident, it was well established that prison officials cannot

9

retaliate against inmates for exercising their First Amendment rights." [Doc. 144 at 5]. He asserts that the Court "must not allow this egregious behavior of the defendant to stand, and set new precedence." [*Id.* at 6]. Again, however, Plaintiff does not identify any specific error in Judge Starnella's Recommendation, so he has not presented a sufficient objection for the Court's review. *Kazarinoff*, 2024 WL 98385, at *2. Moreover, Plaintiff's argument concerns the "clearly established" prong of the qualified immunity analysis, but Judge Starnella relies on the "constitutional violation" prong to find that Ms. Zade is entitled to qualified immunity. *Compare* [Doc. 144 at 5–6], *with* [Doc. 142 at 9–10 ("Plaintiff has not shown Defendant's personal participation and therefore has failed to demonstrate that she took any action, as required to meet the second and third elements of his retaliation claim.")]; *see also Castillo v. Day*, 790 F.3d 1013, 1019 (10th Cir. 2015) ("When a defendant moves for summary judgment on the basis of qualified immunity, the burden shifts to the plaintiff to demonstrate, on the facts alleged, that (1) the defendant violated her constitutional or statutory rights, and (2) the right was clearly established at the time of the alleged unlawful activity."). Therefore, Mr. Owens's objection does not actually call into question the basis of Judge Starnella's legal ruling.

For all of these reasons, the Court is respectfully unpersuaded by Plaintif's arguments. The Court finds no error in Judge Starnella's August 14 Recommendation. Accordingly, Plaintiff's objections are respectfully **OVERRULED** and the August 14 Recommendation is **ADOPTED**.

## CONCLUSION

For the above reasons, **IT IS ORDERED** that:

(1)  The Recommendation of United States Magistrate Judge issued on April 30, 2025 [Doc. 124] is **ADOPTED**;

(2)  Plaintiff's Motion to Reinstate Defendant Rogers Under Rule 54(b) and Rule 60(b)(1) of Fed. R. Civ. P. [Doc. 112] is respectfully **DENIED**;

(3)  Plaintiff's Objection to the Magistrate Judge's Recommendation and Motion for De Novo Review by the District Court Judge [Doc. 144] is **OVERRULED**;

(4)  The Recommendation of United States Magistrate Judge issued on August 14, 2025 [Doc. 142] is **ADOPTED**;

(5)  Defendant Zade's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Doc. 117] is **GRANTED**;

(6)  Judgment is **ENTERED** in favor of Defendant and against Plaintiff;

(7)  The Court declines to award costs under Rule 54;[3]

(8)  The Clerk of Court is **DIRECTED** to close this case; and

---

[3] Costs should generally "be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), but a district court may, in its discretion, decline to award costs where a "valid reason" exists for the decision, see In re Williams Sec. Litig.-WCG Subclass, 558 F.3d 1144, 1147 (10th Cir. 2009). Plaintiff's First Amendment claim survived a motion to dismiss, which demonstrates to the Court that the claim was not frivolous. Moreover, Plaintiff is a pro se indigent litigant. The Court finds that, in this case, an award of costs is not necessary. See Shapiro v. Rynek, 250 F. Supp. 3d 775, 779 (D. Colo. 2017) ("[A] district court does not abuse its discretion in denying costs when . . . the non-prevailing party is indigent." (citing Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004)).

(9) A copy of this Order shall be sent to:

> Nathanael Eugene Owens, #176493
> Trinidad Correctional Facility (TCF)
> 21000 Highway 350 East
> Model, CO 81059

DATED: September 26, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge